IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | CASE NO. 6:11-CR-101 |
| vs. | § | |
| | § | |
| | § | |
| RICKY SPRATLING (1) | § | |

**REPORT AND RECOMMENDATION**
**ON REVOCATION OF SUPERVISED RELEASE**

On June 12, 2019, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Lucas Machicek. Defendant was represented by Assistant Federal Defender Matt Millslagle.

*Background*

After pleading guilty to the offense of Possession with Intent to Distribute an Ecstasy Analog, a Class C felony, Ricky Spratling ("Defendant") was sentenced on July 31, 2012 by United States District Judge Leonard Davis. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 13 and a criminal history category of III, was 30 to 37 months. Defendant was sentenced to 70 months[1] of imprisonment followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include testing and treatment for drug abuse and financial disclosure.

---

[1] The sentence was entered following acceptance of a FED. R. CRIM. P. 11(c)(1)(C) plea agreement.

Defendant completed his term of imprisonment and started his term of supervised release on October 24, 2017. The case was reassigned to United States District Judge J. Campbell Barker on May 22, 2019.

*Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on June 5, 2019, United States Probation Officer Andrea Van Ness alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (standard condition 2): The defendant shall report to the probation officer in a manner and frequency directed by the Court or probation officer.** It is alleged that Defendant failed to report as instructed to the Tyler Supervision Office on November 2, 2017, April 29, 2019, May 13, 2019, May 15, 2019, and May 20, 2019. It is also alleged that Defendant failed to submit his monthly supervision report as instructed for the month of April 2019.

2. **Allegation 2 (standard condition 5**): **The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.** It is alleged that Defendant failed to maintain lawful employment since February 2019.

3. **Allegation 3 (standard condition 7): The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.** It is alleged that, on May 1, 2018, Defendant tested positive for the use of methamphetamine.

4. **Allegation 4 (standard condition 10): The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer**. It is alleged that Defendant failed to be home as instructed for a home visit on April 25, 2019.

5. **Allegation 5 (special condition): The defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer**. It is alleged that Defendant failed to report for a scheduled substance abuse assessment on October 31, 2017, scheduled drug tests on November 2, 2017 and April 30, 2018, and substance abuse treatment on March 9, 2019. It is also alleged that Defendant was unsuccessfully discharged from substance abuse treatment on April 2, 2019.

## *Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class C felony. Accordingly, the maximum sentence the Court may impose is 2 years of imprisonment. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[2] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by possessing methamphetamine as alleged in the petition, he is guilty of a Grade B violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was III. The Guidelines, therefore, provide that Defendant's guideline range for a Grade B violation is 8 to 14 months of imprisonment. If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by failing to report as directed, failing to maintain lawful employment, failing to permit a home visit and failing to participate in a program of testing and treatment for drug abuse as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). With an original criminal history category of III, the Guidelines provide that Defendant's guideline range for a Grade C violation is 5 to 11 months of imprisonment.

---

[2] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir.1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir.1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

*Hearing*

On June 12, 2019, Defendant appeared for a final revocation hearing. Assistant United States Attorney Lucas Machicek announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 3 in the petition and to jointly request a sentence of 12 months and 1 day of imprisonment, with no further supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 3 in the petition. Defendant requested a recommendation to the Bureau of Prisons to confine him at FCI Seagoville.

*Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 3 in the petition is true. Defendant is guilty of a Grade B supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to 12 months and 1 day of imprisonment, with no further supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

## RECOMMENDATION

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 3 in the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to 12 months and 1 day of imprisonment, with no further supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards

outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FCI Seagoville.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to 12 months and 1 day of imprisonment, with no further supervised release.

So ORDERED and SIGNED this 12th day of June, 2019.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE